# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| JAMES MCKINNIE, LONNIE MCKINNIE, LARRY ROBERTS, and TINA ROBERTS individually and on behalf of all others similarly situated, | No. _____ |
| Plaintiffs, | Judge: _____ |
| vs. | Magistrate Judge: _____ |
| STATE FARM FIRE and CASUALTY COMPANY, | REMOVED FROM: Circuit Court for White County, Tennessee Docket No. CC2823 |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), by its undersigned attorneys, hereby gives notice of the removal of this action from the Circuit Court for White County, Tennessee, to this District Court, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, and pursuant to 28 U.S.C. §§ 1332(a), 1367, 1441 and 1446.

## Introduction

1. Plaintiffs, on behalf of themselves and an alleged class of State Farm policyholders in Tennessee, challenge the payments State Farm made in connection with the settlement of their property claims. Among Plaintiffs' challenges is the apparent assertion that State Farm should pay for the services of a general contractor for every repair with an estimated repair cost of $25,000 or more. Plaintiffs' individual claim exceeds $75,000 in dispute and their asserted class claim exceeds $5,000,000 in the aggregate in dispute.

## Standard for Removal Allegations

2. A notice of removal need only contain "a short and plain statement of the grounds for removal." 28 U.S.C.A. § 1446. As the Supreme Court has explained, "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)). Further, in contrast to other removed actions, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*; *see also Graiser v. Visionworks of Am., Inc.*, No. 16-3167, 2016 WL 1359048, at *9 (6th Cir. Apr. 6, 2016) ("Federal jurisdiction under CAFA, like federal jurisdiction over federal officers, serves different policy purposes than federal jurisdiction over ordinary diversity cases or cases arising under federal-question jurisdiction."). In keeping with this liberal approach, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

## Plaintiffs' State Court Filing

3. On July 14, 2017, Plaintiffs filed a Class Action Complaint asserting individual and proposed class claims for breach of contract against State Farm in the Circuit Court for White County, Tennessee ("Complaint"). (*See* Complaint, attached as Exhibit 1.) As noted below, Plaintiffs served their Complaint on July 19, 2017.

4. Plaintiffs' Complaint seeks recovery of compensatory damages, prejudgment interest, punitive damages (at a rate of 9 times actual damages) and costs, as well as declaratory and injunctive relief. (*Id.* at page 19.)

5. Plaintiffs allege that they purchased State Farm Policy No. 92-BU-D764-3 insuring multiple buildings on the insured premises (the "Policy"). (*Id.* ¶ 5.) The buildings allegedly sustained hail damage as a result of a storm on July 14, 2015. (*Id.* ¶ 8.)

6. Plaintiffs allege that State Farm determined that the hail damage to their buildings was covered under the Policy, and that State Farm prepared a February 7, 2017 estimate of the amount of the loss. (*Id.* ¶ 10.) According to the Complaint, the estimated replacement cost for one building (654 N. Spring Street) was $524,008.75, and for the other building (650 N. Spring Street) was $391,406.93. After subtracting depreciation and the policy deductible, the estimated actual cash value ("ACV") amounts for the repairs were $403,315.60 and $349,789.47, respectively. (*Id.*)

7. Plaintiffs allege that State Farm made payment to Plaintiffs in accordance with the ACV amounts set forth in the February 7 estimate, which total $753,105.07. (*Id.* ¶¶ 10, 16.)

8. The Complaint indicates that State Farm advised Plaintiffs that the estimated repair costs might not include an allowance for the services of a general contractor, sometimes referred to as general contractor's overhead and profit or "GCOP". (*Id.* ¶ 15.) The written materials that State Farm provided to Plaintiffs invited them to contact their State Farm claim representative if they had any questions regarding GCOP and whether general contractor services were appropriate for Plaintiffs' loss. (*Id.*)

9. Plaintiffs allege that they disagreed with the "scope and amount" of State Farm's estimate and that they submitted a "a competing Xactimate estimate from a local general

3

contractor for a higher amount." (*Id.* ¶ 17.) Attached as Exhibit 2 is the estimate from TitanRoof that Plaintiffs tendered to State Farm.

10. According to the Complaint, State Farm increased its calculation of the amount of the loss, but did not include a line item for GCOP in its revised estimate. (*Id.* ¶ 19.) Furthermore, Plaintiffs allege that, in addition to GCOP, State Farm failed to pay "for other items of damage claimed by the Plaintiffs." (*Id.* ¶ 20.)

11. The Complaint alleges that State Farm breaches its insurance policies "by consistently refusing to pay any [GCOP]." (*Id.* ¶ 32.) According to Plaintiffs' interpretation of a Tennessee licensing statute, State Farm must pay for the services of a general contractor whenever the estimated costs of repair are $25,000 or more. (*Id.* ¶ 24, 33.) State Farm disputes this assertion.

12. Plaintiffs' asserted class is defined in the Complaint as follows:

> All persons and legal entities insured under a State Farm homeowner or property policy insuring property in Tennessee, and for these policyholders: (1) State Farm determined that the policyholder suffered direct physical loss to a dwelling or other structure located in Tennessee that State Farm determined was covered by the terms of the policy; (2) the estimated costs to make the repairs caused by the covered loss met or exceeded one or more of the thresholds set by the Tennessee Contractor's Licensing Act and mandate that those performing work to repair or replace the damaged property hold a valid Tennessee contractor's license; and (3) State Farm refused to pay the policyholder for contractor's overhead and profit in its adjusting/settlement of the claim.

(Compl. ¶ 35.)

13. Based on the foregoing allegations, Plaintiffs contend that State Farm has breached the terms of its policy as to Plaintiffs and similarly situated policyholders. (*Id.* ¶¶ 39, 57-73).

## Bases for Removal

14. As set forth more fully below, this removal is proper both procedurally and in substance. The removal is timely and is properly venued. In addition, removal is proper under both: (1) the CAFA requirements of minimal diversity, asserted class size, and aggregate amount in controversy for the asserted class; and (2) the traditional diversity requirements concerning diversity of citizenship and amount in controversy for Plaintiffs' individual claims.

### I. The Procedural Requirements for Removal Are Satisfied.

15. State Farm's removal of the instant action to this Court is timely. Plaintiffs served the Complaint through the Tennessee Department of Commerce and Insurance on July 19, 2017. (*See* Exhibit 3.) This Notice of Removal has been filed within 30 days thereafter, and it accordingly is timely. *See* 28 U.S.C. § 1446(b)(1).

16. Venue is proper in this Court because the Circuit Court for White County is located in the Middle District of Tennessee. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court . . . for the district and division embracing the place where such action is pending").

17. Consistent with the requirements of 28 U.S.C. § 1446(a), copies of the Complaint, and other process, pleadings, and orders served upon State Farm (*see* Exhibits 1 and 3) are attached and filed herewith.

18. As 28 U.S.C. § 1446(d) requires, a copy of this Notice of Removal is being served upon Plaintiffs' counsel, and a copy is being filed with the Clerk of the Circuit Court for White County. (*See* Exhibit 4).

**II.     The Substantive Requirements for CAFA Removal are Satisfied.**

19.     Under CAFA, this Court has diversity jurisdiction over any asserted class action that (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)-(6). Each requirement is satisfied here.

### There is Minimal Diversity

20.     Plaintiffs allege that they are members of the proposed class, and they reside in Tennessee. (*See* Compl. ¶ 1.) Accordingly, they are presumed to be citizens of Tennessee. *See Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016) (noting that "the law affords a rebuttable presumption that a person's residence is his domicile"). Furthermore, because the proposed class consists of persons or entities that insured property located in Tennessee (Compl. ¶ 34), it would include many Tennessee citizens.

21.     Plaintiffs correctly allege that State Farm is organized under the laws of Illinois and has its headquarters there. (*Id.* ¶ 2). State Farm therefore is a citizen of Illinois for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1); Exhibit 5, Affidavit of Kristy Stapleton; *see also Latimore v. State Farm Fire and Cas. Co.*, No. 1:11 CV 272, 2011 WL 2669366, at *3 (N.D. Ohio, July 7, 2011) (noting that State Farm Fire and Casualty Company is a resident of Illinois for purposes of diversity).

22.     These allegations are sufficient to satisfy CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).

6
Case 2:17-cv-00048   Document 1   Filed 08/17/17   Page 6 of 13 PageID #: 6

### The Asserted Class Size Requirement is Satisfied

23. In their class action allegations, Plaintiffs assert that the proposed class is numerous because "hundreds if not thousands of people" in Tennessee have allegedly been damaged by State Farm. (Compl. ¶ 37.)

24. In addition, State Farm affirmatively alleges that the putative class appears to include more than 100 individuals. While the alleged class does not identify a beginning date, the statute of limitations for breach of contract claims in Tennessee is 6 years. Tenn. Code Ann. § 28-3-109(a)(3).[1] State Farm's claim records just from 2014, 2015, 2016, and 2017 indicate that State Farm has paid $25,000 or more on more than 3,900 property claims in Tennessee. Even if State Farm did not pay for the services of a general contractor in 10% of those claims (and Plaintiffs allege that GCOP is consistently not paid), the number of claims at issue would be more than 390.

25. The foregoing allegations show that CAFA's class-size requirement is satisfied. *See Dart Cherokee*, 135 S. Ct. at 554; *McElroy v. Cordish Companies, Inc.*, No. 3:15-CV-390-DJH, 2016 WL 1069684, at *3 (W.D. Ky. Mar. 16, 2016) ("The Court finds that the [notice of removal's] allegation regarding the [CAFA] amount in controversy is plausible.").

### This Action Places More than $5,000,000 in Controversy

26. State Farm certainly disputes that Plaintiffs have stated a viable claim for breach of contract, or that any damages whatsoever are owed to Plaintiffs or the asserted class. But what matters to the jurisdictional inquiry is the amount the class *conceivably* could recover *assuming* the Plaintiffs succeeded in their suit. *See Hampton v. Safeco Ins. Co. of Am.*, 614 F.

---

[1] By citing the Tennessee contract statute of limitations, State Farm in no way waives its defenses based on the contractual limitations periods in the policies of the named Plaintiffs and the putative class members.

App'x 321, 324 (6th Cir. 2015) (rejecting plaintiff's speculation that amount actually recovered might not satisfy amount in controversy requirement). Under that standard, Plaintiffs' proposed class claims and pleas for class relief would greatly exceed the $5,000,000 threshold.

27. Plaintiffs' principal demand is for compensatory damages for the allegedly wrongful non-payment of GCOP. Although the Complaint does not specify the alleged amount of the GCOP purportedly owed, the estimate submitted to State Farm by Plaintiffs sought GCOP in the total amount of $129,805.20. (*See* Exhibit 2, TitanRoof Estimate, at 6-7.) That GCOP amount was approximately 20% (10% for overhead and 10% for profit) of the total estimated repair cost. (*Id.*) That percentage—20% of the total repair costs—has been cited at times as the amount payable for the services of a general contractor. *See, e.g.*, *Harvey Canal Ltd. P'ship v. Lafayette Ins. Co.*, 09-605 (La. App. 5 Cir. 3/9/10), 39 So. 3d 619, 631; *Moore v. Travelers Companies, Inc.*, No. 1:08-CV-1121-BBM, 2008 WL 11334078, at *1 (N.D. Ga. Sept. 12, 2008), *aff'd*, 321 F. App'x 911 (11th Cir. 2009); *Goff v. State Farm Florida Ins. Co.*, 999 So. 2d 684, 690 (Fla. Dist. Ct. App. 2008); *Peltz v. Nationwide Mut. Fire Co.*, 63 Pa. D. & C.4th 85 (Com. Pl. 2001).[2]

28. State Farm paid more than $335,000,000 in indemnity payments on Tennessee property claims in 2014, 2015, 2016, and 2017 where the payment amount equaled or exceeded $25,000. Assuming that GCOP was not paid for 10% of these claims (again noting Plaintiffs' broader allegation that GCOP is consistently not paid), the total indemnity amount just for those claims is estimated to be more than $33,500,000. Applying 20% to that amount to account for

---

[2] State Farm notes that any GCOP percentage on a repair estimate can and does vary. *See Nguyen v. St. Paul Travelers Ins. Co.*, No. CIV.A. 06-4130, 2008 WL 4691685, at *6 (E.D. La. Oct. 22, 2008).

the amounts allegedly owed for GCOP results in compensatory damages exposure of over $6,700,000—well above the CAFA asserted aggregate damages threshold.

29. Further, factoring in the other additional amounts sought by Plaintiffs dispels any doubt that the CAFA amount in controversy requirement is met. In addition to the compensatory damages sought for GCOP, in Count II, Plaintiffs seek recovery for other alleged contractual breaches, "primarily but not limited to understating the loss." (Compl. ¶ 70.) Because the Complaint fails to provide any details regarding these other alleged breaches, it is difficult to place an amount on this claim. However, given the large amount of State Farm's indemnity payments to the proposed class members, *supra*, this claim likely adds millions to the amount in controversy.

30. Furthermore, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Holley Equip. Corp. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir.1987)); *see also Hinson v. Georgia-Pac. Corp*., No. 307-0376, 2007 WL 1742162, at *2 (M.D. Tenn. June 14, 2007) (same). Plaintiffs seek punitive damages "in an amount equal to nine (9) times Plaintiffs' and proposed class members' actual damages." (Compl. at page 19 ¶ 6.) Thus, the amount in controversy from Plaintiffs' damages claims is many multiples of the $5 million CAFA threshold.

31. Finally, "[t]he costs of complying with an injunction may establish the amount in controversy for diversity jurisdiction." *Rossello v. Gill*, No. 3-12-0493, 2012 WL 5838160, at *3 (M.D. Tenn. Nov. 16, 2012). Here, Plaintiffs seek an injunction barring State Farm from engaging in the practices that are alleged as unlawful in the Complaint. (Compl. at page 19 ¶ 3.)

Thus, Plaintiffs' proposed injunction would, on a going forward basis, cause State Farm to make additional payments likely in amounts commensurate to the compensatory damages sought by Plaintiffs.

32. Considering all these components of Plaintiffs' various claims confirms that the amount in controversy in this action far exceeds the minimum amount required for CAFA jurisdiction.

### III. The Substantive Requirements for Traditional Diversity Jurisdiction are Satisfied.

33. "[N]othing in CAFA prevents a defendant from removing a putative class action on the basis of diversity jurisdiction, in which case the Court looks only to the named parties to determine whether jurisdiction exists." *Sinohui v. CEC Entm't, Inc.*, No. EDCV 14-2516-JLS KKX, 2015 WL 848199, at *2 (C.D. Cal. Feb. 26, 2015).

34. Thus, for purposes of determining whether diversity of citizenship is present for traditional diversity jurisdiction, "only the citizenship of the named plaintiffs is considered." *Hudgins Moving & Storage Co. v. Am. Exp. Co.*, 292 F. Supp. 2d 991, 1000 (M.D. Tenn. 2003). As noted above, Plaintiffs reside in Tennessee and State Farm is a resident of Illinois for purposes of diversity. Thus, this is a matter between citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).

35. Furthermore, the amount in controversy for Plaintiffs' individual claims far exceeds $75,000. As noted above, the estimate relied upon by Plaintiffs identifies more than $350,000 in dispute ($255,535.35 for the "front building" and $95,004.46 for the "rear building") as of the date of the April 5, 2017 estimate. (Exhibit 2 at 6-7.) While State Farm subsequently made approximately $50,000 in additional payments, the amount in dispute certainly exceeds the $75,000 threshold.

36. In addition, as noted above, Plaintiffs seek other contractual damages, as well as punitive damages of nine times their compensatory damages. Thus, the amount in controversy requirement for traditional diversity jurisdiction is met.

37. Finally, because the Court has original diversity jurisdiction over the claims of the named Plaintiffs, the Court appropriately may exercise supplemental jurisdiction over the claims of the proposed class. *See Aldrich v. Univ. of Phoenix, Inc.*, 661 F. App'x 384, 389 (6th Cir. 2016) (holding that where district court had diversity jurisdiction over claims of named plaintiffs, "attaching the related claims of the class members was an appropriate exercise of the district court's supplemental jurisdiction").

## CONCLUSION

38. For all the foregoing reasons, State Farm has properly alleged that all prerequisites for CAFA and traditional diversity jurisdiction have been met.

**WHEREFORE**, Defendant State Farm Fire & Casualty Company hereby removes this action from the Circuit Court for White County, Tennessee to this Court.

Dated: August 17, 2017

    Respectfully submitted,

    LEWIS THOMASON

    By: /s/ *Jason M. Pannu*
        Jason M. Pannu, BPR No. 023816
        Bradford D. Telfeyan, BPR No. 024744
        424 Church Street, Suite 2500
        P.O. Box 198615
        Nashville, TN 37219
        (615) 259-1366
        jpannu@lewisthomason.com
        btelfeyan@lewisthomason.com

    *and*

Joseph A. Cancila, Jr.
James P. Gaughan
RILEY SAFER HOLMES
& CANCILA LLP
Three First National Plaza
70 W. Madison St., Suite 2900
Chicago, IL 60602
Telephone: 312.471.8700
E-mail: jcancila@rshc-law.com
jgaughan@rshc-law.com

*Attorneys for Defendant State Farm Fire & Casualty Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 17th day of August, 2017, a copy of the foregoing NOTICE OF REMOVAL was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☒ Email | J. Brandon McWherter, Esq.<br>Gilbert McWherter Scott Bobbitt PLC<br>341 Cool Springs Blvd, Suit 230<br>Franklin, TN 37067<br>bmcwherter@gilbertfirm.com |
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☒ Email | Clinton H. Scott, Esq.<br>Gilbert McWherter Scott Bobbitt PLC<br>101 N. Highland Avenue<br>Jackson, TN 38301<br>cscott@gilbertfirm.com |

                         /s/ Jason M. Pannu